1  David R. Markham (SBN 071814)
2  *dmarkham@markham-law.com*
   Maggie Realin (SBN 263639)
3  *mrealin@markham-law.com*
   Lisa Brevard (SBN 323391)
4  *lbrevard@markham-law.com*
   **THE MARKHAM LAW FIRM**
5  888 Prospect Street, Suite 200
   La Jolla, CA 92037
6  Tel.: (619) 399-3995 Fax: (619) 615-2067

7
   Walter Haines (SBN 071075)
8  *walter@uelglaw.com*
   **UNITED EMPLOYEES LAW GROUP**
9  5500 Bolsa Avenue, Suite 203
   Huntington Beach, CA 92649
10 Tel.: 888.474.7242; Fax: 562.256.1006

11
   Attorneys for Plaintiffs on behalf of themselves
12 and all others similarly situated

13
                **UNITED STATES DISTRICT COURT**
14
              **NORTHERN DISTRICT OF CALIFORNIA**
15

16 MONAY    JONES,    an    individual,    and    | Case No.
   MATTHEW RIDGWAY, an individual, on
17 behalf of themselves and all others similarly    | **CLASS ACTION COMPLAINT FOR:**
   situated,
18                                                   | **(1) FAILURE TO PAY REGULAR
                                                     |      AND/OR OVERTIME WAGES;**
19            Plaintiffs,                            | **(2) FAILURE TO PAY REPORTING
                                                     |      TIME PAY;**
20        v.                                         | **(3) FAILURE TO PROVIDE MEAL
                                                     |      PERIODS;**
21                                                   | **(4) FAILURE TO PROVIDE REST
                                                     |      PERIODS;**
22 AMAZON.COM    SERVICES,    LLC,    a              | **(5) FAILURE TO FURNISH TIMELY
   Delaware Corporation,                            |      AND ACCURATE WAGE
23                                                   |      STATEMENTS;**
                                                     | **(6) FAILURE TO PAY ALL WAGES
24                                                   |      DUE UPON TERMINATION;**
            Defendant.                               | **(7) VIOLATION OF CALIFORNIA'S
25                                                   |      UNFAIR COMPETITION LAW
                                                     |      ("UCL"), Bus. & Prof. Code § 17200
26                                                   |      et seq.**

27                                                   | **DEMAND FOR JURY TRIAL**

28

Plaintiffs MONAY JONES and MATTHEW RIDGWAY ("Plaintiffs"), by and through their attorneys of record, bring this Class Action Complaint against AMAZON.COM SERVICES, LLC ("Amazon" or "Defendant"), and respectfully allege the following:

## NATURE OF THE ACTION

1. This is a class action for wage and labor violations arising out of Defendant's failure to pay wages for all time worked, failure to provide timely and uninterrupted meal and rest periods, failure to provide reporting time pay and for derivative claims.

2. As set forth below, Defendant failed to pay its employees wages, including overtime wages for work in excess of 8 hours a day or 40 hours a week, for time spent attending training, time they were required to perform work during their meal periods, and for time when split shifts exceeded 8 hours in a day; failed to provide timely and uninterrupted meal and rest periods to its California non-exempt employees in violation of California Labor Code §§ 512 and 226.7, and the applicable Industrial Wage Order; failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to provide statutorily mandated rest periods and timely off-duty meal periods; failed to furnish timely and accurate wage statements; failed to pay all wages due upon termination; and, is in violation of California's Unfair Competition Law ("UCL").

3. Plaintiffs seek to represent all those similarly situated who are or were residents of the State of California.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this action, under 28 U.S.C. § 1332. All Plaintiffs are citizens of California and Defendant is a citizen of Delaware and Washington.

5. In addition, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

6.      This case meets each of the CAFA requirements because (1) Plaintiffs allege on information and belief there are thousands of class members in California, (2) there is diversity between at least one putative class member and the named Defendant; and (3) Plaintiffs allege and believe the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper because upon information and belief, Defendant has a regional office within the Northern District of California, and conducts substantial business — including employing class members within this District — and maintains facilities in this District.

**PARTIES**

8.      Plaintiff MONAY JONES is a resident of Lancaster, California. Plaintiff was employed by Defendant in two of Defendant's facilities in Santa Clarita and Valencia, California, from approximately March 2022 to approximately October 2022, as a seasonal Warehouse Associate.

9.      Plaintiff MATTHEW RIDGWAY is a resident of San Bernardino, California. Plaintiff was employed by Defendant in Rialto, California, from approximately August 2020 to June 15, 2023 as a full-time employee. Plaintiff was originally hired as a Packer, then worked as a Problem Solver, and lastly worked as a Material Handler.

10.      Defendant AMAZON.COM SERVICES, LLC, is a limited liability company, organized and existing under the laws of the state of Delaware, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington. At all relevant times alleged herein, Plaintiffs are informed and believe that Defendant is authorized to and conducts business in California, including but not necessarily limited to County of San Francisco, and maintains a regional office within this district.  Defendant employed Plaintiffs at its California locations, and employ/employed other Warehouse Associates, Packers, Problem Solvers, and Material Handlers all throughout the State of California.

11.      Plaintiffs are informed and believe and thereon allege Defendant, was at all relevant times acting as actual agents, conspirators, partners and/or joint ventures and/or employees of all

other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co–defendants.

**FACTS**

12.     Between approximately March 2022 to approximately October 2022, Plaintiff MONAY JONES was employed by Defendant, as a non-exempt, hourly-paid seasonal Warehouse Associate at Defendant's sortation facilities in Santa Clarita and Valencia, California.  Plaintiff's duties included sorting, scanning, and stacking packages on pallets, and helping to get customer orders ready for delivery. The packages Plaintiff JONES handled included packages moving from other states into California.

13.     Between approximately August 2020 to June 15, 2023, Plaintiff RIDGWAY was employed by Defendant, as a non-exempt, hourly-paid full-time Packer, Problem Solver, and Material Handler at Defendant's warehouse in Rialto, California.  Plaintiff's duties as a Packer included getting customers' orders ready and packaging them for shipment. Plaintiff's duties as a Problem Solver included handling missing items, items with wrong bar code labels or items that have been rejected by the system as unscannable. Plaintiff's duties as a Material Handler included processing and storage of warehouse materials, receiving and transporting materials and equipment, performing inventory management responsibilities, and packing and shipping products. The packages Plaintiff RIDGWAY handled included packages moving from other states into California.

14.     Plaintiff Jones worked part-time and was typically scheduled to work four hours per shift from 10:50 p.m. to 2:50 a.m. However, Plaintiff Jones often picked up an additional shift of at least four hours, but most of the time it was an additional five to six hours of work, continuing into the following day. Plaintiff would then arrive back at work for her next shift at 10:50 p.m. Plaintiff Jones was not paid for the time she worked over eight hours in a calendar workday at the appropriate overtime rate. When Plaintiff Jones complained to the manager that she was not being paid for her overtime hours at the correct rate, she was incorrectly told that it is not overtime because the next shift counts as a new day, even though Plaintiff Jones is often working nine to ten

hours per calendar day. See Cal. Labor Code § 500 ("Workday" means any consecutive 24-hour period commencing at the same time each calendar day.")   Amazon has taken this position to avoid paying overtime to thousands of seasonal workers such as Plaintiff who Amazon knows work consecutive shifts over 8 hours in length.

15.    Plaintiff Ridgway worked full-time and was scheduled to work four, 10-hour shifts per week. During the busier seasons, Plaintiff Ridgway was required to work Mandatory Extra Time ("MET"). Plaintiff Ridgway and class members were prevented from taking time off during this time period. Sometimes, these extra hours were scheduled at the last minute, even as late as the evening before the start of the regular shift. If Plaintiff Ridgway and class members were not able to work the extra hours, they were required to use their unpaid time off.

16.    Additionally, Plaintiff Ridgway was not paid for all time spent in mandatory training. Plaintiff Ridgway was required to complete training, including cross training videos. Plaintiff Ridgway had to complete the training on his own time, either during a meal or rest break or at home, and sometimes with short deadlines in which to complete it. Plaintiff Ridgway and class members were not paid for this time completing mandatory training.

17.    Further, there were times when Plaintiff Ridgway reported to work for his scheduled 10-hour shifts and only worked for one to two hours and was then sent home early. Plaintiff Ridgway and class members were forced to use Voluntary Time Off or ("VTO") if they reported to work and it was not busy so they were sent home. VTO is unpaid, and if Plaintiff Ridgway refused, he would be punished with less favorable assignments. Plaintiff Ridgway and class members were not paid the proper reporting time pay for each instance they reported to work and were sent home after only one to two hours.

18.    Often, Plaintiff Ridgway could not take his meal break until after the end of his fifth hour of work and/or was required to clock out as if he was taking a meal break but had to continue working due to press of business. If Plaintiff Ridgway did not clock out for the meal breaks that he was unable to take, he would be called into human resources and warned not to do this again. Out of fear of losing his employment, Plaintiff Ridgway would clock out for meal periods but was

CLASS ACTION COMPLAINT

required to continue working. Plaintiff was not paid a meal period premium for these missed or interrupted meal periods.

19.    In addition, Plaintiff Ridgway did not receive duty-free rest breaks. When Plaintiff Ridgway worked as a Problem Solver, he was often too busy due to business demands and did not get any rest breaks at all. Most often, Plaintiff Ridgway would not leave his workstation to take his rest breaks, and as a result would be interrupted with work. Plaintiff Ridgway and class members were not paid a rest period premium for these non-compliant rest periods.

20.    Further, because of the above-referenced violations of the Labor Code and applicable Wage Order, Plaintiffs and other class members' wage statements failed to correctly state the rate of pay for regular and/or overtime wages, reporting time pay, meal and rest break premiums, and consequently the gross and net wages due, among other required information. Because of Defendant's failure to list the correct gross wages earned, net wages, and meal and rest break premiums earned on wage statements, Plaintiffs and other class members have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full.

21.    Upon information and belief, the above-mentioned unlawful employment practices by Defendant were applied the same to all Warehouse Associates, including Packers, Problem Solvers, Material Handlers, and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties in all of Defendant's warehouses in the State of California.

22.    Defendant's conduct, as alleged here, has caused Plaintiffs and class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiffs and the class for failing to pay meal and rest break premiums, failing to pay all straight-time and/or overtime wages owed for each pay period, failing to pay reporting time pay, failing to provide timely and accurate wage statements, failing to pay all wages due upon termination, and unfair competition.

23.    Plaintiffs are members of, and seek to be representatives for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendant's unlawful employment practices as alleged herein.

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

24.     Pursuant to Fed. R. Civ. P. 23(a) and 23(b), Plaintiffs bring this action individually and on behalf of all similarly situated individuals.

25.     Plaintiff JONES brings this action on behalf of herself and on behalf of all others similarly situated, and as members of the Part Time/Seasonal Employee Class she seeks to represent. The class period is from four years prior to the filing of the Complaint in this action until the trial of this action ("Class Period.") The Part Time/ Seasonal Employee Class is defined as:

> *All current and former non-exempt, hourly-paid Warehouse Associates, including at Sortation Facilities and XL/bigger Items Facilities, and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, who were employed by Defendant in California as part time and/or seasonal employees during the time period commencing four years before this complaint was filed, and until the present ("Class Period") ("Part Time/ Seasonal Employee Class")*

26.     Plaintiff JONES further seeks to represent the following subclasses:

**The Part Time/ Seasonal Employee Overtime Wages Subclass**
"All current and former non-exempt, hourly-paid Warehouse Associates, including at Sortation Facilities and XL/bigger Items Facilities, and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as part time and/or seasonal employees during the Class Period, and who worked at least one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek."

**The Part Time/ Seasonal Employee Meal Break Subclass**
"All current and former non-exempt, hourly-paid Warehouse Associates, including at Sortation Facilities and XL/bigger Items Facilities, and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as part time and/or seasonal employees during the Class Period, and who worked at least one shift longer than five hours in a workday."

**The Part Time/ Seasonal Employee Rest Break Subclass**
"All current and former non-exempt, hourly-paid Warehouse Associates, including at Sortation Facilities and XL/bigger Items Facilities, and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as part time and/or seasonal employees during the Class Period and who worked at least one shift longer than three and a half hour in a workday."

**The Part Time/ Seasonal Employee Itemized Wage Statement Subclass**
"All current and former non-exempt, hourly-paid Warehouse Associates, including at Sortation Facilities and XL/bigger Items Facilities, and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by

Defendant in California as part time and/or seasonal employees during the Class Period, and who have received at least one wage statement from Defendant."

**The Part Time/ Seasonal Employee Waiting Time Penalties Subclass**
"All members of the Part Time/ Seasonal Employee Class, Overtime Wages Part Time/ Seasonal Employee Subclass, Meal Break Part Time/ Seasonal Employee Subclass, and the Part Time/ Seasonal Employee Rest Break Subclass who separated employment with Defendant at any point during the past three (3) years prior to the filing of this action."

**The Part Time/ Seasonal Employee UCL Subclass**
"All current and former non-exempt, hourly-paid Warehouse Associates, including at Sortation Facilities and XL/bigger Items Facilities, and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as part time and/or seasonal employees during the Class Period, regarding whom Defendant have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein."

27.    Plaintiff RIDGWAY brings this action on behalf of himself and on behalf of all others similarly situated, and as members of the Full-Time Employee Class he seeks to represent. The class period is from four years prior to the filing of the Complaint in this action until the trial of this action ("class period.") The Full Time Employee Class is defined as:

*All current and former non-exempt, hourly-paid Warehouse Employees, including Packers, Problem Solvers, Material Handlers and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, who were employed by Defendant in California as full-time employees during the time period commencing four years before this complaint was filed, and until the present ("Class Period") ("Full-Time Employee Class")*

28.    Plaintiff RIDGWAY further seeks to represent the following subclasses:

**The Full-Time Employee Regular Wages Subclass**
"All current and former non-exempt, Warehouse Employees, including hourly-paid Packers, Problem Solvers, Material Handlers and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as full-time employees during the Class Period, and who worked at least one shift less than eight hours in a workday and/or worked less than 40 hours during the workweek."

**The Full-Time Employee Reporting Time Pay Subclass**
"All current and former non-exempt, hourly-paid Warehouse Employees, including Packers, Problem Solvers, Material Handlers and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as full-time employees during the Class Period, and who worked less than half their scheduled day's work."

**The Full-Time Employee Overtime Wages Subclass**
"All current and former non-exempt, hourly-paid Warehouse Employees, including Packers, Problem Solvers, Material Handlers and/or other non–exempt, hourly–paid

employees who held similar job titles and/or performed similar duties, employed by Defendant in California as full-time employees, and who worked at least one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek."

**The Full-Time Employee Meal Break Subclass**
"All current and former non-exempt, hourly-paid Warehouse Employees, including Packers, Problem Solvers, Material Handlers and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as full-time employees, and who worked at least one shift longer than five hours in a workday."

**The Full-Time Employee Rest Break Subclass**
"All current and former non-exempt, hourly-paid Warehouse Employees, including Packers, Problem Solvers, Material Handlers and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as full-time employees, and who worked at least one shift longer than three and a half hour in a workday."

**The Full-Time Employee Itemized Wage Statement Subclass**
"All current and former non-exempt, hourly-paid Warehouse Employees, including Packers, Problem Solvers, Material Handlers and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as full-time employees, and who have received at least one wage statement from Defendant."

**The Full-Time Employee Waiting Time Penalties Subclass**
"All members of the Full-Time Employee Class, Regular Wages Full-Time Employee Subclass, Reporting Time Pay Full-Time Employee Subclass, Overtime Wages Full-Time Employee Subclass, Meal Break Full-Time Employee Subclass, and the Rest Break Full-Time Subclass who separated employment with Defendant at any point during the past three (3) years prior to the filing of this action."

**The Full-Time Employee UCL Subclass**
"All current and former non-exempt, hourly-paid Warehouse Employees, including Packers, Problem Solvers, Material Handlers and/or other non–exempt, hourly–paid employees who held similar job titles and/or performed similar duties, employed by Defendant in California as full-time employees, regarding whom Defendant have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as specifically described herein."

29.     Plaintiffs reserve the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

30.     **Numerosity of the Class**:  Pursuant to <u>Fed. R. Civ. P. 23(a)</u>, members of the Class are so numerous that their individual joinder is impracticable. Plaintiffs estimate, on information

and belief, that there are thousands of current and former non-exempt employees of Defendant employed in facilities in California during the class period. The precise number of Class members and their addresses are known to Plaintiffs or will be known to Plaintiffs through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

31.    **Existence of Predominance of Common Questions of Law and Fact**:    Pursuant to <u>Fed. R. Civ. P. 23(a)</u>, common questions of law and fact and common answers exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions and answers include:

a.    Whether Defendant had a policy or practice of not paying for all time spent in mandatory training;

b.    Whether members of the Plaintiff Class were not paid all wages owed to them, including regular and overtime wages, and at the correct rate;

c.    Whether Defendant failed to pay premium wages required by the applicable Wage Order's Reporting Time Pay regulations;

d.    Whether Defendant had a policy or practice of not paying meal or rest period premiums;

e.    Whether Defendant violated <u>Labor Code</u> § 226.7 and/or 512 and engaged in a pattern or practice of failing to provide timely, off-duty thirty (30) minute meal periods to Plaintiffs and members of the class;

f.    Whether Defendant engaged in a pattern or practice of impeding Plaintiffs and the members of the class from taking statutory off-duty thirty (30) minute meal periods on a timely basis;

g.    Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiffs and the members of the class for missed, untimely or on-duty meal periods as required by California law;

h.    Whether Defendant violated the applicable California Industrial Welfare Commission Order by failing to provide Plaintiffs and the members of the class with timely off-duty thirty (30) minute meal periods;

i.  Whether members of the Plaintiff Class were not provided with accurate wage statements as required by Labor Code section 226;

j.  Whether Defendant engaged in unfair practices and violated California Business & Professions Code § 17200 by failing to provide Plaintiffs and the members of the class with their statutory off-duty meal and rest periods on a timely basis;

k.  Whether Defendant engaged in unfair practices and violated California Business & Professions Code section 17200 by failing to pay Plaintiffs and the members of the class for all time worked, and failing to provide compliant meal and rest periods nor pay premiums;

l.  Whether Defendant maintained accurate time records of off-duty thirty (30) minute meal breaks taken by Plaintiffs and members of the class in accordance with the applicable Industrial Wage Order;

m. Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiffs and members of the class that failed to include payments for missed, untimely, and/or on-duty meal periods among wages earned throughout the Class Period;

n.  Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiffs and members of the class that failed to include payment for all hours worked;

o.  Whether Defendant violated Labor Code § 226(a) by issuing inaccurate itemized wage statements to Plaintiffs and members of the class that failed to accurately state the total hours worked, to the detriment of Plaintiffs and the class;

p.  Whether Defendant failed to compensate, and therefore violated Labor Code § 226(a), 226.7 and the applicable Industrial Wage Order by failing to provide ten (10) minute, uninterrupted rest periods as contemplated by California law for work periods in excess of three and one-half (3 ½) hours;

q.  Whether Defendant engaged in a pattern or practice of failing to properly compensate Plaintiffs and the members of the class for failing to provide ten (10) minute,

uninterrupted rest periods as contemplated by California law for work periods in excess of three and one-half (3 ½) hours;

r.  Whether Defendant violated <u>Labor Code</u> § 1197 due to failure to compensate Plaintiffs and members of the class for those acts Defendant required Plaintiffs and members of the class to perform for the benefit of Defendant;

s.  Whether Defendant violated <u>Labor Code</u> §§ 201-203 by failing to pay all wages due upon termination to all Class Members who were terminated or voluntarily quit; and

t.  The nature and extent of class-wide injury and the measure of damages or restitution.

32.  **Typicality:** Plaintiffs' claims are typical of the claims of the members of the class they seek to represent because Plaintiffs, as a non-exempt employees of Defendant, were exposed and subjected to the same unlawful business practices as other employees employed by Defendant during the class period. Plaintiffs and the members of the class they seek to represent sustained the same types of damages and losses.

33.  **Adequacy:** Plaintiffs are adequate representatives of the class they seek to represent because their interests do not conflict with the interests of the members of the class Plaintiffs seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to prosecute this action vigorously. The interests of the members of the class will be fairly and adequately protected by Plaintiffs and their counsel.

34.  **Superiority and Substantial Benefit:**  The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far

fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

35.    The Class should also be certified because:

a.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.    Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY REGULAR AND/OR OVERTIME WAGES
**(Violation of Labor Code §§ 218, 218.5, 218.6, 510, 1194, 1194, 1198, and the applicable Wage Order)**
**(Against all Defendants)**

36.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

37.    The California Labor Code establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

38.    The applicable Industrial Wage Order provides that an employer may not pay employees less than the applicable minimum wage for all hours worked.

39.    Pursuant to the applicable Industrial Wage Order, Defendant is required to pay Plaintiffs, and the members of the Class, for all hours worked, meaning the time which an employee is subject to the control of the employer.

40.    At all relevant times during the class period, Defendant failed to pay Plaintiffs and other members of the class wages for all hours worked, in that Plaintiffs and the class were interrupted with work-related issues while not clocked in to Defendant's timekeeping program, resulting in unpaid wages. Additionally, Plaintiffs were not paid premiums for each instance their meal periods were interrupted. Further, Plaintiffs and the class were not paid for time spent completing mandatory training. Plaintiff Jones and members of the Seasonal / Part-Time Employee class were not paid overtime wages when they worked consecutive shifts exceeding eight hours in a single calendar day. As a result, Plaintiffs and other class members worked hours they were not paid for, including overtime in the instances Plaintiffs and other class members worked over eight hours in a day and/or 40 hours a week. Plaintiffs and the Class Members therefore seek unpaid wages and penalties.

41.    Labor Code § 510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law. Specifically, Labor Code § 510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

42.    Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees. Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits unlawful.

43.    During the class period, Plaintiffs and other class members have worked more than eight hours in a workday, and/or more than forty hours in a workweek.

44.    During the class period, Defendant has failed to pay Plaintiffs and other class members the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by Labor Code § 510 and 1198, and the applicable Wage Order.

45.     In committing the violations of state law as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiffs and members of the class for all wages earned and all hours worked.  As a direct result, Plaintiffs and other members of the class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages and lost interest on such monies and expenses and attorney's fees in seeking to compel Defendant to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

46.     Plaintiffs seek to recover in a civil action the unpaid balance of the full amount of the unpaid wages resulting from Defendant's regular and overtime wage violations including interest thereon, reasonable attorney's fees and costs of suit, and liquidated damages to the fullest extent permissible pursuant to Labor Code § 218, 218.5, 218.6, and 1194(a).

<u>**SECOND CAUSE OF ACTION**</u>
**FAILURE TO PAY REPORTING TIME**
**[The Applicable Wage Order and Labor Code § 558]**
**(Plaintiff Ridgway Against All Defendants)**

47.     Plaintiff Ridgway re-alleges and incorporate all preceding paragraphs as if fully set forth herein.

48.     The applicable wage order provides that, "(A) Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

49.     Multiple times, Plaintiff Ridgway reported to work and only worked for one to two hours and was sent home early. Plaintiff Ridgway was required to use VTO on these occasions, which was unpaid. Since Defendant requires that Plaintiff Ridgway and the proposed Class Members report to work, but are not put to work and sent home early, and did not and do not compensate Plaintiff Ridgway and Class Members for the proper reporting time pay. Plaintiff Ridgway and the proposed Class Members are entitled to their full reporting time wages for the

1   time they were required to report to work, and were not put to work, and sent home during the

2   Class Period.

3       50.     As further alleged herein above, in addition to the premium wages for Reporting

4   Time Pay, Plaintiffs and Class Members are entitled to a civil penalty under the applicable Wage

5   Order and Labor Code §558, for Defendant's violation of the applicable Wage Order. The amount

6   of the civil penalty is equal to $50 for the first violation and $100 for each subsequent violation, for

7   each employee suffering from the violation.

8       51.     Plaintiff Ridgway, and the other members of the class, are entitled to seek and

9   recover reasonable attorneys' fees and costs for the successful prosecution of this claim.

10                      **THIRD CAUSE OF ACTION**

11              **FAILURE TO PROVIDE MEAL PERIODS**
        **(Violation of Labor Code §§ 512, 226.7, and the Applicable Wage Order)**

12                      **(Against all Defendants)**

13      52.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth

14   herein.

15      53.     California Labor Code § 226.7(b) provides, "An employer shall not require an

16   employee to work during a meal or rest period mandated pursuant to an applicable order of the

17   Industrial Welfare Commission".

18      54.     The applicable wage order provides, in pertinent part: "[n]o employer shall employ

19   any person for a work period of more than five (5) hours without a meal period of not less than 30

20   minutes, except that when a work period of not more than six (6) hours will complete the day's

21   work the meal period may be waived by mutual consent of the employer and the employee."

22      55.     Labor Code § 512(a) provides, in pertinent part: "[a]n employer may not employ an

23   employee for a work period of more than five hours per day without providing the employee with a

24   meal period of not less than 30 minutes, except that if the total work period per day of the employee

25   is no more than six hours, the meal period may be waived by mutual consent of both the employer

26   and employee. An employer may not employ an employee for a work period of more than 10 hours

27   per day without providing the employee with a second meal period of not less than 30 minutes,

28   except that if the total hours worked is no more than 12 hours, the second meal period may be

waived by mutual consent of the employer and the employee only if the first meal period was not waived."

56.     As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the Class period. Plaintiffs and members of the class were routinely required to work without a timely and uninterrupted meal break at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

57.     Further, Defendant's policy and/or practice did not permit and authorize a second meal break for class members when Plaintiffs and class members worked over ten (10) hours per shift and, therefore, were entitled to a second meal period of not less than 30 minutes.

58.     By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off-duty meal periods, Defendant has violated California Labor Code §§ 226.7, 512 and the applicable wage order, and is liable to Plaintiffs and the class.

59.     As a result of the unlawful acts of Defendant, Plaintiffs and the class have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code §§ 226.7(c), 512 and the applicable wage order, in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide its employees with timely statutory off-duty meal periods.

60.     Plaintiffs, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

## FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS
#### (Violation of Labor Code §§ 226.7 and the applicable Wage Order)
#### (Against all Defendants)

61.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

62.     California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

63.     The applicable Industrial Wage Order provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

64.     The applicable Industrial Wage Order further provides: "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided".

65.     As alleged herein, Defendant failed to authorize and permit rest breaks during the Class period. Plaintiffs and members of the class were routinely interrupted and required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

66.     By its actions in requiring its employees during the class period to work through rest periods and/or its failure to relieve the employees of their duties for their rest periods, Defendant violated the applicable Industrial Wage Order and California Labor Code § 226.7 and is liable to Plaintiffs and the class.

67.     Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all others similarly situated and such conduct has continued through the filing of this complaint.

68.     As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the class have been deprived of timely rest periods and/or were not paid for rest periods taken during the Class period, and are entitled to recovery under Labor Code § 226.7(c) in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide employees with timely and/or paid rest periods.

69.     Plaintiffs, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code § 226.7.

**FIFTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §226)**
**(Against all Defendants)**

70.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

71.     California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee […], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, […], (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…".

72.     Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of Labor Code § 226 occurs and $100 for each subsequent pay period, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

73.     Plaintiffs are  informed, believe and thereon allege that at all times relevant, Defendant knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiffs and each Class member with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226(a),

including the premiums owed to Plaintiffs and the members of the Class for missed meal and rest periods were not included in gross wages earned by Plaintiffs and the Class.

74.     Further, wages owed to Plaintiffs and members of the class for reporting to work and being sent home, time they worked completing required training, and the time worked through meal breaks, were not included in gross wages earned by Plaintiffs and the Class.

75.     Defendant's failure to provide Plaintiffs and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiffs and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on-duty meal periods, and for all hours worked, including overtime. In addition, Defendant provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiffs and the Class.

76.     As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiffs and members of the Class in violation of Labor Code § 226(a), Plaintiffs and the members of the Class are each entitled to recover penalties pursuant to Labor Code § 226(e).

**SIXTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE UPON TERMINATION**
**(Violation of Labor Code §§ 201-203)**
**(Against all Defendants)**

77.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

78.     California Labor Code §§ 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours prior notice of his or her intention to quit in which case the employee is entitled to his or her wages at the time of quitting.

79.     During the Class period, Defendant willfully failed to pay Plaintiffs and other class members who are no longer employed by Defendant all their earned wages, including reporting time pay, meal and rest period premium wages not paid for missed or interrupted meal and rest

periods, and wages for all hours worked, including overtime, either at the time of discharge or within seventy-two hours of their leaving Defendant's employ in violation of California Labor Code §§ 201, 202, and 203.

80.     Therefore, Plaintiffs and members of the Class are entitled to waiting time penalties for each day that has passed that they have not received all wages owed to them, up to 30 days.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against all Defendants)**

81.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

82.     Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

83.     Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

84.     Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes alleged herein. Defendant's unfair conduct under the UCL includes, but is not limited to, failure to pay Class members wages and compensation they earned through labor provided, and failing to otherwise compensate Class members as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due.

85.     Plaintiffs have standing to assert this claim because they have suffered injury in fact and have lost money as a result of Defendant's conduct.

86.     Plaintiffs and the Class seek restitutionary disgorgement from Defendant of monies owed for all hours worked and for unpaid meal and rest period premiums.

87.     Plaintiffs have assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of themselves and other similarly situated Class members

previously or presently working for Defendant in California.  Plaintiffs' success in this action will enforce important rights affecting the public interest.  Plaintiffs will incur a financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiffs is appropriate pursuant to <u>Code of Civil Procedure</u> § 1021.5.

### **PRAYER**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as to the appropriate causes of action as follows:

**ON THE FIRST CAUSE OF ACTION**

1. For all straight-time and/or overtime wages owed to Plaintiffs and each Class Member for all hours worked;

2. For other compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

3. For statutory attorney fees according to proof;

4. For statutory interest according to proof; and

5. For reasonable attorneys' fees and costs pursuant to the California Labor Code.

**ON THE SECOND CAUSE OF ACTION**

1. For compensatory damages and /or statutory damages and statutory penalties resulting from improper compensation according to proof;

2. For interest on any compensatory damages; and

3. For attorneys' fees and costs.

**ON THE THIRD CAUSE OF ACTION**

1. For one hour of wages due to Plaintiffs and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

2. For waiting time penalties according to proof;

3. For statutory costs according to proof; and

4. For statutory interest according to proof.

CLASS ACTION COMPLAINT

**ON THE FOURTH CAUSE OF ACTION**

1. For one hour of wages due to Plaintiffs and each Class member for each work period of more than three and one-half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;

2. For waiting penalties according to proof;

3. For statutory costs according to proof; and

4. For statutory interest according to proof.

**ON THE FIFTH CAUSE OF ACTION**

1. For statutory compensation for any harm caused;

2. For compensatory damages and interest thereon for actual harm caused; and

3. For statutory penalties under Labor Code § 226(e), interest and attorneys' fees and costs.

**ON THE SIXTH CAUSE OF ACTION**

1. For statutory penalties, including thirty (30) days' wages at the correct hourly rate for all wages not timely paid upon termination;

2. For penalty enhancement for willful conduct;

3. For statutory interest according to proof; and

4. For reasonable attorney's fees and costs pursuant to the Labor Code.

**ON THE SEVENTH CAUSE OF ACTION**

1. For the equitable, injunctive and declaratory relief;

2. For liquidated damages pursuant to Labor Code § 1194.1; and

3. For restitutionary disgorgement pursuant to the UCL.

**ON ALL CAUSES OF ACTION**

1. An order that this action may proceed and be maintained as a class action;

2. Reasonable attorney's fees;

3. General, special and consequential damages, to the extent allowed by law;

4. Costs of suit;

5. For attorneys' fees pursuant to Code of Civil Procedure § 1021.5;

CLASS ACTION COMPLAINT

6.  Prejudgment interest at the maximum legal rate; and

7.  Such other relief as the Court may deem just and proper.

DATED: December 1, 2023          **THE MARKHAM LAW FIRM**

By: _____
                              David R. Markham
                              Maggie Realin
                              Lisa Brevard
                              *Attorneys for Plaintiffs and all others*
                              *similarly situated*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury for themselves and the Class members on all claims so triable.

DATED: December 1, 2023          **THE MARKHAM LAW FIRM**

By: _____
                              David R. Markham
                              Maggie Realin
                              Lisa Brevard
                              *Attorneys for Plaintiffs*
                              *and all others similarly situated*

CLASS ACTION COMPLAINT